The Honorable Jimmie Lou Fisher State Treasurer 220 State Capitol Little Rock, AR 72201
Dear Ms. Fisher:
This is in response to your request for an opinion concerning an interpretation of A.C.A. 26-74-313 and the distribution of county sales tax monies to the various cities within the county. Specifically, you have forwarded a copy of a letter from the planning director of the City of North Little Rock, who suggests a possible alternative procedure for distribution of county sales tax revenues after there has been a municipal annexation of territory.
The relevant statute is A.C.A. 26-74-313 (Supp. 1987). It charges the State Treasurer with the duty to transmit to the local cities and counties their per capita share of a county-wide sales tax. The statute provides at subsection (d)(2) in pertinent part as follows:
 (A) Except as is otherwise provided in subdivision (8) of this subsection,* the last official federal decennial census or later special census which included the county as a whole shall be used in computing the per capita share that each city and county shall receive from the proceeds of the tax.
Subsection (d)(7) provides:
 The restriction of the use of the last federal decennial census referred to in this subsection shall not apply in the case of annexation, nor shall it affect the taking of a special census for any purpose other than the distribution of a one percent (1%) countywide sales tax.
You have attached to your request a copy of Opinion No. 89-157
[?], which concludes that as a general matter, under these statutes, the State treasurer cannot use a city's special census to compute the amount of county sales tax distributable to the city. The opinion concludes that only a special county-wide census, or the last federal decennial census, can be used to compute these amounts. You have also attached a letter from this office dated May 22, 1987, which seems to indicate that a city, even after a post-federal census annexation of territory, cannot use a special city census to determine its share of a county-wide sales tax.
The question for resolution in this opinion is whether, under current statutes, the last federal decennial census can be used in a new way, so as to take into account newly annexed territory which was added after the federal census was conducted. Some explanation is required. For example, the next federal decennial census will be in 1990. Suppose the census is conducted and the population figures for the cities are set. Thereafter, suppose a city annexes territory. Ordinarily, under these circumstances, a new county-wide census would be required before the city's distribution of sales tax would reflect the new additional population (or until the next federal decennial census is conducted). The new proposal submitted by the North Little Rock Planning Director would not require a new county-wide census. Under his proposal, the existing federal decennial census would be used in making the new calculation. Specifically, this would be accomplished by taking census "blocks" (representing specific population areas) which are annexed to the city, and adding them to the population of the existing city to arrive at a new city population figure which would include the annexation. The city would then receive a distribution of county-wide sales tax based upon this new population figure.
The North Little Rock Planning Director notes that in 1990 the federal decennial census will, for the first time, provide "block" information on all of Pulaski County. This new information is what makes his suggested calculation possible. He suggests that at least where the territory annexed includes one or more of these distinct "blocks," the population of those blocks should be added to the population of the city in computing the amount of distributable county sales tax. This method would obviate the need for a new special census.
It is acknowledged that this method is a newly available tool for calculating population figures for county sales tax distribution purposes after an annexation. The question for resolution is whether it would be in conformity with existing law. It is my opinion that it would be.
The statute cited earlier, A.C.A. 26-74-313, provides that the last federal decennial census (or last county-wide special census) "shall be used in computing the per capita share that each city or county shall receive. . . ." Under the new proposal, the last federal decennial census will be used, it is just that the population of the city as it existed on the date of the census will not be locked in as the only figure upon which to base the cities' distribution. The federal census, under the new proposal, can be used in an ongoing context, using the census figures to adjust city populations after annexation. The language of the statute does not say that the federal census set population FIGURES FOR EACH CITY shall be used; rather, it states that the federal census shall be used. The statute, in my opinion, thus does not lock in the city population figures as recorded by the census on the date it was conducted. It only provides that the federal census shall be used in calculating the amounts.
Additionally, subsection (d)(7) of A.C.A. 26-74-313 only provides that "(t)he restriction of the use of the last federal decennial census . . . shall not apply in the case of annexation." This provision does not ban use of the federal census in cases of annexation. It merely provides that the RESTRICTION TO that use shall not apply in cases of annexation.
Research has failed to yield any helpful case law from this state or any other on the relevant statute as it relates to the exact proposal outlined above. We will note, however, that the question was at least contemplated in an opinion of the Missouri Attorney General. In MOAG Opinion Ltr. No. 121, issued on September 26, 1978, the Missouri Attorney General, in construing statutes very similar to those set out above, concluded:
 For the foregoing reasons, it is the opinion of this office that the population of the various entities in `Group B' shall be determined once every ten years by the Federal decennial census, unless the legislature creates some other census authority which would determine the population of the entire county and its political subdivisions. HOWEVER, IF THE FEDERAL BUREAU OF CENSUS IN WASHINGTON, D.C. IS ABLE TO DETERMINE THE POPULATION OF THE ANNEXED AREA FROM THE LAST DECENNIAL CENSUS, THEN, UNDER THE RATIONALE OF ATTORNEY GENERAL'S OPINION NO. 407 (1964) . . . THE POPULATION OF THE ANNEXED AREA, AS OF THE LAST DECENNIAL CENSUS, WOULD BE INCLUDED IN DETERMINING THE DISTRIBUTION OF THE GROUP B CITY INVOLVED. (Emphasis added.)
Based upon the statutes set out above, we cannot conclude that use of the federal census in accordance with the new proposal would be contrary to existing law. It may be concluded that this use was not contemplated nor anticipated when the statutes in issue were drafted, due to the fact that the information necessary to implement this use was not then available. It is my opinion, however, that this fact is not synonymous with a prohibition against the use of the census in this new way.
As a final matter, it should be noted that the North Little Rock Planning Director suggests that Metroplan, and the State Data Center, as repositories of the 1990 census block data, could "facilitate" the redistribution of sales tax funds under annexations occurring during the 1990's. It is my assumption that cooperation and help from these entities will be appreciated, but is must be concluded that the responsibility for calculation of these amounts lies with those individuals and entities charged by law with these duties.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
* Subsection (d)(8), as well as subsection (d)(2)(B), provides that in those counties in which one or more cities had a special census before April 7, 1987, and the proceeds of the tax were distributed in accordance with the special city census, the proceeds shall continue to be allocated in the same manner as they were before April 7, 1987, until a special county-wide census or federal decennial census is conducted.